# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**CHARLES SANDERS, PHILLIP MOORE,**

          **Plaintiffs,**

**-vs-**                                                    **Case No. 6:06-cv-1216-Orl-28GJK**

**DRAINFIELD DOCTORS,**

          **Defendants.**

_____

# REPORT AND RECOMMENDATION

## TO THE UNITED STATES DISTRICT COURT

      This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**     **PLAINTIFFS' MOTION FOR AWARD OF ATTORNEY'S FEES AND COSTS (Doc. No. 68)**
>
> **FILED:**       **August 25, 2008**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED as untimely**.

> **MOTION:** DEFENDANT'S MOTION TO STRIKE PLAINTIFFS'
> MOTION FOR ATTORNEY'S FEES AND COSTS;
> AND ALTERNATIVELY, RESPONSE IN OPPOSITION
> TO MOTION FOR ATTORNEY'S FEES (Doc. No. 69)
>
> **FILED:** September 5, 2008
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED as moot**.

## I. BACKGROUND

On August 15, 2006, Charles Sanders ("Sanders"), on behalf of himself and others similarly situated, filed a complaint pursuant to 29 U.S.C. Section 201, *et. seq*., the Fair Labor Standards Act (the "Act"), against Drainfield Doctor, Inc. (the "Defendant") seeking unpaid overtime compensation. Doc. No. 1. On September 11, 2006, the Defendant filed its answer and affirmative defenses wherein the Defendant alleged that Sanders was paid a day rate and was compensated at a rate of time and one half the day rate for all hours worked on Saturday. Doc. No. 8 at 3. On October 17, 2006, Phillip Moore ("Moore") (collectively with Sanders, the "Plaintiffs") was added as a plaintiff to this action. Doc. No. 19.

On October 13, 2006, Sanders filed his Answers to Court's Interrogatories ("Sanders' Interrogatories"). Doc. No. 18-2. Therein, Sanders states that he worked for Defendant as a septic system installer from July 5, 2005 until May of 2006. Doc. No. 18-2. Sanders asserts that his normal work schedule was Monday through Friday from 7:30 a.m. until 3:30 p.m., but he normally did not finish working until sometime between 5:00 p.m. and 7:00 p.m. *Id*. In Sanders' Interrogatories he also states that he occasionally worked on Saturdays. *Id*. According to Sanders,

2

he was paid $450.00 per week for forty hours of work, but received no additional compensation for any overtime hours worked. *Id*. Sanders states that he worked 15 hours of overtime per week. *Id*. In Sanders' Interrogatories, he states his damages for unpaid overtime wages are $2,699.84, and his liquidated damages are $2,699.84. *Id*. However, Sanders does not explain how he arrived at these numbers. *Id*.

On October 27, 2006, Moore filed his Answers to Court's Interrogatories ("Moore's Interrogatories"). Doc. No. 21-2. Therein, Moore states that he worked for Defendant as a septic system installer and driver from March of 2005 until August 25, 2006. *Id*. Moore asserts that his normal work schedule was from Monday through Friday from 7:00 a.m. until the job was completed and that he occasionally worked on Saturdays. *Id*. Moore states that his regular rate of pay was $10.00 per hour or $400.00 per week for forty hours of work. *Id*. At some unknown date, Moore received a raise to $13.00 per hour or $520.00 per week for forty hours of work. *Id*. Moore states that he regularly worked 20 hours of overtime per week. *Id*. Moore maintains that he received no overtime compensation when he worked above forty hours per week. *Id*. In Moore's Interrogatories, he states his damages for unpaid overtime compensation are $24,840.00, and his liquidated damages are $24,840.00. *Id*. However, Moore provides no calculation of figures showing how he reaches his damage calculations.

On October 27, 2006, Defendant filed its Verified Summary of hours worked and pay received for Sanders. Doc. No. 22. The Verified Summary for Sanders shows that for twenty-three of thirty-five weeks Sanders was employed by Defendant, he did not work a full forty hours a week. *Id*. On November 15, 2006, Defendant filed its Verified Summary for pay received by

Moore. Doc. No. 27. According to the Defendant, the Verified Summary for Moore does not contain a weekly breakdown of hours worked because Moore was paid a daily wage. *Id*. The Defendant states that Moore was paid $85.00 per day at the time of his hire and his daily wage was increased at some point to $120.00 dollars per day. *Id*. According to the Defendant, if Moore worked on Saturday, he was paid an extra 50% of his daily wage. *Id*.

The trial term in this case was set to begin on July 9, 2008. Doc. No. 58. Prior to trial, the parties reached an agreement regarding the amount of unpaid overtime wages owed to each of the Plaintiffs. Doc. No. 66. According to the agreement, Sanders would receive $1,032.56 in unpaid overtime wages and Moore would receive $1,868.79 in unpaid overtime wages. Doc. No. 66 at 2. Thus, the parties proceeded to a bench trial on the sole issue of whether Plaintiffs were entitled to liquidated damages. *Id*. Based on the testimony at trial, the Court found that the Defendant "acted in good faith and with reasonable grounds to believe that it was complying with the FLSA in its pay practices." Doc. No. 66 at 6. The Court did not award Plaintiffs any liquidated damages. *Id*. Thereafter, the Court directed to the Clerk to enter judgment for Plaintiffs in accordance with the parties pretrial agreement. Doc. No. 66 at 7. Furthermore, the Court stated that it "retains jurisdiction with regard to attorney's fees, which may be sought, if appropriate, in accordance with Local Rule 4.18." Doc. No. 66 at 7. On August 8, 2008, judgment was entered in favor of Sanders and Moore for $1,032.56 and $1,868.79 respectively. Doc. No. 67. Seventeen days later, on August 25, 2008, Plaintiffs filed the instant Motion for Award of Attorney's Fees and Costs (the "Motion"). Doc. No. 68.

On September 5, 2008, Defendant filed the present Motion to Strike the Motion and Alternatively, Response (the "Motion to Strike"). Doc. No. 69. In the Motion to Strike, Defendant argues, pursuant to Rule 54, Federal Rules of Civil Procedure, and Local Rule 4.18, that the Motion is untimely. *Id.* (citing *Johnson v. Dayco Products, Inc.*, 178 F.R.D. 571 (D. Kan. 1998) (denying a motion to reconsider the denial of motion for attorneys' fees where the motion was untimely filed nine days late); *Duferco Steel, Inc. v. M/V Katisti*, 1996 WL 448080 (N.D. Ill. 1996) ("[T]his court entered judgment on June 7, 1996; meaning that [a motion for attorneys' fees] had to have been filed by June 21. The record in this case reveals that defendant's motion was not filed until July 1, 1996. Consequently, we deny the motion as untimely."); *Horsford v. The Salvation Army*, 2002 WL 31175221 (S.D. N.Y. 2002) (denying motion for attorneys' fees filed beyond the 14 day deadline set forth in Rule 54)). Thus, the Defendant argues that the Motion should either be stricken or denied as untimely. *Id.*

On September 22, 2008, Plaintiffs filed a response (the "Response") to the Motion to Strike, arguing that the Motion was timely pursuant to Rule 6(d), Federal Rules of Civil Procedure, because three days are added after the time period would otherwise expire. Doc. No. 70 (citing *Homes & Land Affiliates, LLC v. Homes & Loans Magazine, LLC*, 2008 WL 4186989 (M.D. Fla. 2008) (holding that Rule 6(d), Federal Rules of Civil Procedure, applies to requests for discovery under Rule 34, and provides three additional days to respond to requests for production); *Hako-Med USA, Inc. v. Axiom Worldwide, Inc.,* 2008 WL 2943367 (M.D. Fla. 2008) (holding that Rule 6(d), Federal Rules of Civil Procedure, applies to reports and recommendations issued by magistrate judge's)).

## II. THE LAW

Rule 54(d)(2), Federal Rules of Civil Procedure, states the following:

> **(2) Attorney's Fees.**
> **(A)** *Claim to Be by Motion.* A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages.
> **(B)** *Timing and Contents of the Motion.* Unless a statute or a court order provides otherwise, the motion must:
>     **(i)** <u>be filed no later than 14 days after the entry of judgment</u>.

*Id*. (emphasis added). The Advisory Committee Notes to the 2002 Amendments to Rule 54(d)(2) states in pertinent part that the Rule was amended to reflect that a motion for attorneys' fees <u>be filed no later than 14 days after entry of judgment</u>. *Id*. ("The requirement in subdivision (d)(2)(B) that a motion for attorney fees be not only filed but also served no later than 14 days after entry of judgment is changed to require filing only, to establish a parallel with Rules 50, 52, and 59."). Rules 50 and 59, Federal Rules of Civil Procedure, contain similar requirements that certain motions must "be filed no later than 10 days after entry of judgment." Fed.R.Civ.P. 50(d), 59(b).[1]

Local Rule 4.18(a), provides the following:

> (a) In accordance with Fed. R. Civ. P. 54, all claims for costs or attorney's fees preserved by appropriate pleading or pretrial stipulation <u>shall be</u> asserted by separate motion or petition <u>filed not later than fourteen (14) days following the entry of judgment</u>. The pendency of an appeal from the judgment shall not postpone the filing of a timely application pursuant to this rule.

*Id*. (emphasis added). The Courts in Middle District of Florida enforce Local Rule 4.18(a). *See Porcelli v. Onebeacon Insurance Co.*, Case No. 2:02-cv-303-FtM-33DNF, 2006 WL 3333599

---

[1] Because the time limits in Rules 50 and 59, Federal Rules of Civil Procedure, are less than eleven days, intermediate Saturdays, Sundays, and legal holidays are excluded. Fed.R.Civ.P. 6(a)(2).

(M.D. Fla. Nov. 16, 2006) (denying motion for attorneys' fees filed twenty-seven days after entry of judgment); *Blanton v. University of Florida*, Case No. 2:05-cv-421-FtM-34SPC, 2008 WL 928114 (M.D. Fla. April 4, 2008) (denying motion for attorneys' fees filed twenty-one days after entry of judgment). Moreover, the Eleventh Circuit Court of Appeals has affirmed the enforcement of Local Rule 4.18(a) as long as it does not eviscerate a statutory right. *Grayden v. City of Orlando*, 171 Fed.Appx. 284, 285-86 (11th Cir. 2006) (affirming the District Court's application and enforcement of Local Rule 4.18(a)).

### III.  APPLICATION

Initially, the issue of whether Plaintiffs' Motion is timely appears to be squarely addressed by the express language of Rule 54(d)(2)(B)(i), which expressly requires the filing of such a motion no later than 14 days after the judgment is entered. Nevertheless, Plaintiffs maintain that the Motion was timely filed because three days are automatically added under Rule 6(d) and, therefore, Plaintiffs actually had seventeen days after entry of judgment to bring the Motion. Rule 6(d), Federal Rules of Civil Procedure states:

> **(d) Additional Time After Certain Kinds of Service**. When a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would otherwise expire under Rule 6(a).

*Id*. However, Rule 5(a)(1)(A), (B), (C), (D), and (E), which specifically describes the types of papers required to be served under Rule 5(b)(2)(C), (D), (E), or (F), provides the following:

> **(a) Service: When Required**.
> **(1)** *In General*. Unless these rules provide otherwise, each of the following papers must be served on every party:
> **(A)** an order stating that service is required;

>    **(B)** a pleading filed after the original complaint, unless the court orders otherwise under Rule 5(c) because there are numerous defendants;
>    **(C)** a discovery paper required to be served on a party, unless the court orders otherwise;
>    **(D)** a written motion, except one that may be heard ex parte; and
>    **(E)** a written notice, appearance, demand, or offer of judgment, or any similar paper.

*Id*. The entry of judgment in this case is not the type of paper whose service is specifically required under Rule 5(a)(1). The cases cited by Plaintiffs both involve papers whose service is required under Rule 5(a)(1); namely, a request for discovery production and an order stating that service is required. *Homes & Land Affiliates, LLC,* 2008 WL 4186989 (M.D. Fla. 2008); *Hako-Med USA, Inc.,* 2008 WL 2943367 (M.D. Fla. 2008). Specifically, *Hako-Med USA, Inc.*, involved a report and recommendation issued by a magistrate judge, the service of which is specifically required by Rule 72(b), Federal Rules of Civil Procedure. *Id*.

Rule 6(d) only provides for an additional three days to respond when service is made under Rule 5(b)(2)(C-F). Rule 5(b)(2) specifies how service is made. Rule 5(a)(1) specifies when service is required. The plain language of Rule 5(a)(1) does not require service of judgments. Thus, the plain language of Rule 54(d)(2) governs and it expressly provides a motion for attorneys' fees must be filed "no later than 14 days after the entry of judgment." Fed.R.Civ.P. 54(d)(2).[2]

Support for the proposition that three additional days are not added to the fourteen day period is found in those cases strictly limiting Rule 54(d)(2) to fourteen days. In *IPXL Holdings,*

---

[2] Indeed, Plaintiffs' argument that Rules 5 and 6 allow them to file their motion for an award of fees more than 14 days after the entry of the judgment in this case cannot be reconciled with the express language of Rule 54(d)(2)(B)(i).

*LLC, v. Amazon.com, Inc.*, 430, F.3d 1377, 1384-86 (Fed. Cir. 2005), the defendant filed a motion for attorneys' fees seventeen days after entry of judgment and the plaintiff moved to strike the motion as untimely pursuant to Rule 54(d)(2). *Id*. The Federal Circuit Court of Appeals noted, pursuant to Rule 54(d)(2), that the motion was filed three days late and because defendants had not moved for an extension of time or other relief from the time constraints provided in the rule, the district court should have granted plaintiff's motion to strike. *Id*. at 1386. *See also Bender v. Freed*, 436 F.3d 747, 749-50 (7th Cir. 2006) (holding attorneys' fees motion filed thirty-four days after judgment was untimely); *In re Veritas Software Corporation*, 496 F.3d 962, 972-74 (9th Cir. 2007) (holding attorneys' fees motion filed fifteen days late was properly denied because "[f]ailure to comply with the time limit in Rule 54 is a sufficient reason to deny a motion for fees absent some compelling showing of good cause."); *Baker v. Urban Outfitters, Inc.*, 249 Fed.Appx. 845, 846-47 (2d Cir. 2007) (stating, albeit in dicta, that if judgment had been entered on February 14, 2005, then the fee motion filed on March 7, 2005 would have been untimely under Rule 54(d)(2)).

Based on the forgoing, the undersigned finds that the Motion is untimely and the undersigned RECOMMENDS that the Court:

(1) DENY the Motion (Doc. No. 68) as untimely pursuant to Rule 54 and Local Rule 4.18(a);

(2) DENY the Motion to Strike (Doc. No. 69) as moot; and

(3) Direct the Clerk to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report **within eleven (11) days** from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**Recommended** in Orlando, Florida on February 25, 2009.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge

Counsel of Record

Unrepresented Parties